Gabrielli v. Woman's Hospital 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-080-CV

     BEVERLY GABRIELLI, ET AL.,
                                                                                              Appellants
     v.

     WOMAN'S HOSPITAL OF TEXAS, INC.,
     INDIVIDUALLY AND d/b/a WOMAN'S HOSPITAL OF TEXAS, AND
     WOMEN'S HOSPITAL OF TEXAS,
                                                                                              Appellee
 

From the 80th District Court
Harris County, Texas
Trial Court # 88-64723
                                                                                                    

O P I N I O N
                                                                                                    

      Beverly Gabrielli and Gregory Kelinske, appellants, filed suit alleging negligent infliction of
emotional distress against Woman's Hospital of Texas, Inc., individually and d/b/a Woman's
Hospital of Texas. After a jury trial, the court entered judgment on the verdict in favor of
Woman's Hospital. We will affirm.
      In points one and two, the appellants contend that the trial court erred in refusing to submit
their requested definitions of negligence and ordinary care. Failure to submit a definition shall
not be deemed a ground for reversal of the judgment unless a substantially correct definition has
been requested in writing and tendered by the party complaining of the judgment.


 
      The appellants tendered for submission en masse, and the trial court endorsed as refused, four
definitions: "negligence," "ordinary care," "proximate cause," and "unavoidable accident." When
questions, instructions, or definitions are tendered en masse, and one or more should not be given,
the court is justified in refusing to give any of them.


 Because a substantially similar definition
of "proximate cause" was already submitted in the court's charge, the trial court could have
properly refused to submit the en masse request, which, had it been granted, would have resulted
in a duplicative definition of "proximate cause."


 Points of error one and two are overruled.
      In point three, the appellants contend that the trial court erred in submitting the definition of
negligence in the court's charge. A party objecting to a charge must point out distinctly the
objectionable matter and the grounds of the objection.


 An objection that does not meet both
requirements is properly overruled and does not preserve a complaint on appeal.


 
      Appellants made the following objection to the charge:
The plaintiffs object to the instruction following Question No. 1, "You are instructed
that negligence in reference to Woman's Hospital is defined as, No. 1," and then it lists
4 items under that definition, ending with No. 4, the emotional stress suffered by the
plaintiffs was severe, on the grounds that the Supreme Court case of St. Elizabeth's
Hospital vs. James Gerrard, et ux, which decided that the plaintiffs would have a right
to bring a cause of action for mental anguish without physical injury is the authority
controlling the law in this case. And that other cases which have not yet reached the
Supreme Court which gave that definition have involved facts dissimilar to that which is
involved in the case now before the Court or the decision by the jury. It is not
controlling.

(Emphasis added). This objection fails both requirements of Rule 274. The test for determining
if a party has preserved a complaint about the jury charge is whether the party made the trial court
aware of the complaint, timely and plainly, and obtained a ruling.


 At best, appellants' objection
appears to be directed toward the Supreme Court's elimination of the physical manifestation
requirement in St. Elizabeth Hospital v. Garrard.


 The court's charge, however, contained no
such requirement. Because the appellants waived their objection to the charge by failing to comply
with Rule 274, we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 28, 1992
Do not publish